IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT ) <br> OPPORTUNITY COMMISSION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> AMERICAN HEALTHTECH, INC. ) <br> ) <br> Defendant. ) <br> ) <br> _____ ) | CIVIL ACTION NUMBER: <br> 3:10CV542 WHB-LRA <br> <br> **COMPLAINT** <br> <br> and <br> <br> **JURY TRIAL DEMAND** |

FILED SEP 29 2010 J.T. NOBLIN, CLERK

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of retaliation, and to provide appropriate relief to Marranda Smith who was adversely affected by such practices. As alleged with greater particularity in paragraphs eight (8) through eighteen (18) below, the Equal Employment Opportunity Commission alleges that American Healthtech, Inc., ("Defendant" or "Healthtech") terminated Marranda Smith ("Smith") because she engaged in activity protected by Title VII.

Page 1

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Mississippi, Jackson Division.

## PARTIES

3. Plaintiff, the U.S. Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Employer has continuously been incorporated in the State of Mississippi, and continuously been doing business in the State of Mississippi, including the cities of Jackson and Madison, Mississippi, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty (30) days prior to the institution of this lawsuit, Marranda Smith filed a charge with the Commission alleging violations of Title VII by Defendant Healthtech.

7. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since on or around July 28, 2009, Defendant Healthtech engaged in unlawful practices at its Madison, Mississippi facility, in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a), when it retaliated against Smith for engaging in activity protected by Title VII.

9. On or around January 5, 2009, Smith expressed an interest to Defendant Healthtech's Director of Human Resources in applying for the vacant Quality Assurance Test Analyst I position.

10. Defendant Healthtech's Director of Human Resources advised Smith that she did not meet the position's minimum requirements in that employees were only allowed to apply for vacant positions after they had worked at the company for at least one year.

11. Smith later discovered that a white female employee who had been employed with Defendant Healthtech for less than a year was allowed to apply, interviewed in connection with the position and selected.

12. The explanation provided by Defendant was unacceptable to Smith and Smith proceeded on February 5, 2009 to file a charge of race discrimination with the Jackson Mississippi Office of the U. S. Equal Employment Opportunity Commission. Notice of the charge of discrimination was served on Healthtech on or about February 17, 2009.

13. Shortly thereafter, Healthtech began closely monitoring Smith's attendance, including asking other employees to monitor and report on her attendance.

14. Smith complained to her supervisor in April 2009 about the scrutiny her attendance was now receiving and also that she was being treated differently from other employees and differently from the way she was treated before she filed her charge of discrimination.

15. Healthtech received notice from the EEOC on or about June 23, 2009 that Smith's charge of discrimination was being expanded and that the company's treatment of black employees as a class would now be investigated.

16. On July 27, 2009, Healthtech suspended Smith purportedly for falsifying records used to record the allocation of hours an employee worked each day. Smith was finally terminated the following day, July 28, 2009 by Healthtech.

17. Healthtech employees who had not engaged in activity protected by Title VII did not have their attendance monitored in the manner that Smith's attendance was monitored.

18. Healthtech employees who had not engaged in activity protected by Title VII were not terminated for the manner in which they recorded the allocation of their work hours.

19. The effect of the practice(s) complained of in paragraphs eight (8) through eighteen (18) above has been to deprive Marranda Smith of equal employment opportunities and otherwise adversely affect her status as an employee because of her opposition to practices made unlawful by Title VII.

20. The unlawful employment practices complained of above were intentional.

21. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally-protected rights of Marranda Smith.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in discrimination by retaliating against

current, future or former employees who have opposed practices made unlawful by Title VII or who have engaged in protected activity under Title VII.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees who oppose, or who have opposed, employment practices made unlawful under Title VII, and which eradicate the effects of their past and present unlawful employment practices.

C. Order Defendant to make Marranda Smith whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, reinstatement or front pay in lieu thereof.

D. Order Defendant to make whole Marranda Smith by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of in paragraphs eight (8) through eighteen (18) above, including, but not limited to, any relocation expenses, job search expenses, and medical expenses, in amounts to be determined at trial.

E. Order Defendant to make whole Marranda Smith by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above in paragraphs eight (8) through eighteen (18) above, including, but not limited to, emotional pain, suffering, inconvenience, loss of

enjoyment of life, humiliation, and other non-pecuniary losses in amounts to be determined at trial.

F. Order Defendant to pay Marranda Smith punitive damages for its malicious and reckless conduct described in paragraphs eight (8) through eighteen (18) above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

RESPECTFULLY SUBMITTED,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
U. S. Equal Employment
Opportunity Commission
131 M Street, N.E.
Washington, D.C.  20507

C. EMANUEL SMITH
Regional Attorney
Mississippi Bar # 7473

_____
JULIE BEAN
Supervisory Trial Attorney
D.C. Bar # 433292

Equal Employment Opportunity
Commission
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street South
Birmingham, AL  35205
(205) 212-2045
(205) 212-2041

Page 8