IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No.:  3:10cv542-WHB-LRA |
| AMERICAN HEALTHTECH, INC., | ) ) ) | |
| Defendant. | ) ) | |

## CONSENT DECREE

The United States Equal Employment Opportunity Commission ("EEOC" or "Commission") filed this action against American Healthtech, Inc., ("AHT" or "Defendant") on September 29, 2010, in this Court, to enforce Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq*. ("Title VII") and the Civil Rights Act of 1991, 42 U.S.C. §1981a.   In the Complaint, the Commission alleged that AHT terminated Marranda Smith ("Smith") in retaliation for her filing a charge of discrimination with the Commission that alleged race discrimination in promotions.   The Complaint sought injunctive relief and back pay and compensatory and punitive damages for Ms. Smith.

AHT denies all allegations of unlawful or wrongful conduct raised in the underlying Complaint, and nothing stated in this Consent Decree constitutes an admission of liability or wrongdoing on the part of AHT.

The Parties do not object to the jurisdiction of the Court over this action and waive their rights to a hearing and the entry of findings of fact and conclusions of law.   Venue is appropriate in the Southern District of Mississippi (Jackson Division). The parties agree that this Consent

Decree is fair, reasonable, and does not violate the law or public policy. The Title VII rights of Smith, AHT, and the Commission are protected adequately by this Decree.

In the interest of resolving this matter, and avoiding the expense of further litigation, and as a result of having engaged in comprehensive settlement negotiations, the Commission and AHT have agreed that this action should be resolved by entry of this Consent Decree.

It is **ORDERED, ADJUDGED AND DECREED:**

1.     This Consent Decree resolves all claims arising out of the issues between the Commission and Defendant AHT in this lawsuit including, without limitation, back pay, compensatory and punitive damages, injunctive relief, costs, and attorney fees. This Consent Decree is limited in its scope to matters covered explicitly herein and to AHT's Ridgeland, Mississippi facility.

2.     Defendant and its officers, agents, employees, successors, and assigns, both at the time that this Consent Decree becomes effective and for the duration of this Consent Decree, shall comply with Title VII of the Civil Rights Act of 1964 in that it shall not retaliate against any employee because he or she: (i) opposes or opposed discriminatory practices made unlawful by Title VII; (ii) files or filed a charge of discrimination or assists, assisted, participates, or participated in the filing of a charge of discrimination; (iii) assists, assisted, participates or participated in an investigation (including but not limited to any internal investigation undertaken by AHT), proceeding, or hearing brought under the federal laws prohibiting discrimination or retaliation, or alter the terms and conditions of any employee's employment because of race discrimination to the extent prohibited by federal law.

2

## MONETARY RELIEF

3.      AHT shall pay, by check or money order, the lump sum of forty thousand dollars ($ 40,000.00). This amount represents the settlement of all claims of violations of Title VII by Marranda Smith and includes compensatory damages. The parties agree that the monies paid in settlement of this case are for asserted emotional distress damages as a result of the conduct complained of in the Complaint. Accordingly, no withholdings shall be made from this payment. AHT will report the monetary payment to Marranda Smith under this Decree on IRS Form 1099.

4.      All payments provided for in paragraph three of this Consent Decree shall be made payable to Marranda Smith and mailed by certified mail directly to Marranda Smith, Post Office Box 33, Flora, Mississippi 39071. Defendant AHT shall mail a photocopy of the check to the EEOC, to the attention of the Regional Attorney, U.S. Equal Employment Opportunity Commission, Birmingham District Office, 1130 – 22nd Street South, Suite 2000, Birmingham, Alabama 35205 at the time the check is sent to Marranda Smith.

5.      AHT will not condition the receipt of any item of individual relief on Marranda Smith's agreement to: (a) maintain as confidential the terms of this Consent Decree, or (b) waive her statutory rights to file a charge with any federal or state anti-discrimination agency unrelated to the allegations identified in the complaint in this action.    Marranda Smith shall execute a separate release between herself and AHT. The Commission is not a party to this release.

**PERSONNEL RECORDS**

6.      AHT shall expunge from the personnel files of Smith the following: (a) any and all
documents and references related to the charge and allegations of discrimination that formed the
basis of this action; (b) any and all documents and references related to the instant litigation  and
Smith's participation in the litigation; and (c) any and all derogatory documents and references,
including those stating or alluding to time and attendance deficiencies and/or other alleged
performance deficiencies or misconduct, that were generated after February 5, 2009.  AHT shall
also expunge from the personnel files of any other employee documents and references that
relate to Smith and any of the areas identified in items (a)-(c).

**POLICIES AND TRAINING**

7.      AHT shall revise and revisit its policies, procedures and practices at its Ridgeland,
Mississippi location within sixty (60) days of the date of entry of this Consent Decree to ensure a
work environment for its employees (a) that is free from race-based discrimination, and
retaliation; (b) that allows employees to report incidents of, or concerns about, race-based
discrimination and retaliation; (c) that ensures the conduct of good-faith investigations and
inquiries into reports of race-based discrimination and retaliation; (d) that allows employees to
raise concerns or complaints without retaliation about matters, whether alleged, perceived or
actual, made unlawful by Title VII; and (e) that makes implementation of and compliance with
AHT's race and retaliation based anti-discrimination policies and procedures a factor in each
manager's and supervisor's performance evaluation.  A copy of the AHT policy shall be
provided to the Regional Attorney of the Birmingham District Office, U.S. Equal Employment
Opportunity Commission within ten (10) days following the first dissemination to employees.

8.      To assist Defendant in achieving and maintaining compliance in the area of anti-discrimination and equal employment opportunity, AHT shall appoint a qualified consultant or management-level employee who will assist it in meeting its obligations under this Consent Decree.  The appointee shall have substantial training, and be objectively experienced, in the area of EEO compliance, specifically in conducting Title VII and race discrimination and retaliation investigations.  AHT shall submit the name, address, telephone number, and resume of the proposed consultant or employee, together with the dates of the proposed training seminars and the details of the contents of the training, to the Regional Attorney of the Birmingham District Office of the U.S. Equal Employment Opportunity Commission thirty (30) days prior to the date of each training required by this Decree.

9.      The qualified consultant or management-level employee described in item #8 will (a) create and/or revise, disseminate to all employees, and implement Defendant's anti-discrimination policies and procedures in the Ridgeland, Mississippi location, particularly in relation to race discrimination and retaliation; (b) create and/or revise mandatory and voluntary instruction and training programs on Title VII and Defendant's anti-discrimination policies and procedures, particularly in relation to race discrimination and retaliation; (c) create and/or revise, complaint reporting policies and procedures for alleged violations of Title VII, particularly in relation to race discrimination and retaliation; (d) create and/or revise investigation policies and procedures for violations of Title VII and the Defendant's anti-discrimination policies and procedures, particularly in relation to race discrimination and retaliation.

10.     Specifically, AHT's anti-discrimination policy and procedures shall include the following:  (a) a strong and clear commitment to a workplace free of racial discrimination and retaliation; (b) a clear and comprehensive description, including concrete examples, of prohibited

racial harassment, discrimination and retaliation; (c) a description of the possible consequences that will be imposed upon employees, supervisors and managers for violation of the policy against racial harassment, discrimination and retaliation; (d) a statement encouraging employees to come forward if they believe that they have been discriminated against or retaliated against for complaining about racial discrimination or retaliation; (e) an assurance that persons who complain about racial harassment, discrimination or retaliation will not be subject to retaliation; (f) assurance that the employer will protect the confidentiality of discrimination complaints, complainants and witnesses to maximum extent possible, and disclose information in the complaints only on a need-to-know basis; (g) a process for conducting prompt, thorough, and impartial investigations; (h) a system for tracking and providing follow-up on complaints and/or inquiries regarding racial harassment, discrimination and retaliation; and, (i) an assurance that AHT will take immediate and appropriate corrective action if it determines that racial harassment, discrimination and retaliation has occurred, or is likely to occur in the future.

11.     Within ninety (90) days following the date of entry of this Consent Decree, Defendant shall provide training at its Ridgeland, Mississippi location to AHT's all employees, supervisors and managers, including all managers who may recommend and/or review applications for promotion at Defendant's Ridgeland, Mississippi location.   The training shall explain the following: (a) what constitutes race-based discrimination, retaliation and harassment; including examples of each; (b) that Title VII  prohibits race-based discrimination, retaliation and harassment;  (c) how to prevent race-based discrimination, retaliation and harassment;  (d) to whom employees may complain if they feel they have been subjected to race-based discrimination, retaliation and harassment; (e) the discipline that may be taken against other employees, supervisors and managers who are found to have engaged in discrimination,

6

harassment or retaliation; and (f) that supervisors and managers will be evaluated on their enforcement of AHT's anti-discrimination policies.  The training shall be conducted as follows:

a. The qualified consultant or management-level employee identified in item #8, or a comparable qualified employee or management-level employee shall provide annual training for the duration of the Decree.

b. The training shall be at least two (2) hours in length, plus an additional thirty (30) minutes for questions and answers.  The training shall not include more than sixty minutes of videotape instruction/presentation.  Defendant's Ridgeland, Mississippi managers and all managers who may investigate employee complaints at Defendant's Ridgeland location shall attend the training session. The referenced employees who are unable to attend the training session may watch a videotape of it.

c. Employees shall sign a registry when they attend the training session or watch the videotape of the training session.  Defendant shall keep, for the duration of the Decree, this written record of all employees who attend the training session or watch it on videotape.

d. AHT will confirm in writing to the EEOC Regional Attorney that this additional training has been completed in full compliance with the terms of this Decree. Within ten (10) days following its receipt, EEOC will confirm that this training requirement has been met or provide specific comments about how the training is not in compliance with the Decree.  If the EEOC fails to respond within ten (10) days, the training shall be deemed in compliance with the Decree.

12. The Commission, at its discretion, may designate Commission representatives to attend for observation purposes, each of the training sessions

13. The qualified consultant or management-level employee identified in item #8, or a comparable qualified employee or management-level employee, will be responsible, for the duration of the Consent Decree, for (a) inquiring into and investigating allegations and complaints of race harassment, discrimination and retaliation; (b) making findings and rendering conclusions resulting from inquiries into and investigations of allegations and complaints of race harassment, discrimination and retaliation; (c) recommending corrective and/or disciplinary action against employees found to have violated Title VII and/or Defendant's anti-discrimination

policies and procedures, particularly in relation to race discrimination and retaliation; (d) recommending temporary personnel action in response to allegations and complaints of race discrimination and retaliation; (e) evaluating and making recommendations regarding each manager's and supervisor's performance under AHT's anti-discrimination policies and procedures, particularly as they relate to race discrimination and retaliation; and (f) preparing and submitting reports to the Commission, as required by this Decree.

14.     AHT represents that its EEO policies are and shall continue to be posted in a prominent location frequented by employees at AHT's Ridgeland, Mississippi location.   These policies shall be distributed to each employee hired or rehired at its Ridgeland, Mississippi location within five (5) days of the new employee's hire date.

15.     AHT shall promptly and appropriately investigate all complaints of race discrimination, harassment or retaliation at the Ridgeland, Mississippi location during the period of this Decree. The investigation must include a finding of whether discrimination occurred; a credibility assessment; interviews of all potential victims and witnesses identified; and concurrent notes of the investigation.   Defendant shall take immediate appropriate corrective action to make discrimination victims whole, to discipline violators, and to eradicate the discrimination and insure that it does not recur.  If corrective action was required as a result of the investigation, Defendant shall notify the complainant(s) of the corrective action which was taken and follow up with complainant(s) at appropriate intervals to ensure that the harassment, discrimination or retaliation does not recur.

16.     For the duration of this Consent Decree, AHT shall report in writing and in affidavit form to the Regional Attorney, Birmingham District Office, a report reflecting each complaint of race discrimination and retaliation filed by any employee in the Ridgeland, Mississippi location

within thirty (30) days of AHT's findings in relation to the complaint.  The report shall identify the name of complainant, the alleged violator, the nature of the complaint, AHT's findings, and the action taken in response to the complaint.

## NOTICE

17.    Defendant shall post the Notice attached as **Exhibit A** to this Consent Decree on its "Employment Opportunities Public Folder" and on all bulletin boards usually used by AHT for communicating announcements, notices of employment policy and practice changes, and human resources matters to employees. The Notice shall be posted in an appropriate place frequented by employees for ninety (90) days following the entry of this Consent Decree and in the same type, size and style as Exhibit A.  Within ten (10) business days of the posting, AHT shall send a letter to Regional Attorney, Birmingham District Office, enclosing a copy of the Notice as signed by AHT, stating the date(s) and locations of the posting.  AHT shall take reasonable steps to ensure that the postings are not altered, defaced, covered or removed, or become otherwise illegible. Should the posted copies become altered, defaced, covered or removed or otherwise illegible during the ninety-day period, AHT shall re-post promptly readable copies in the same manner as previously specified.

18.    The Commission, upon reasonable notice, shall have the right to enter and inspect AHT's premises to ensure compliance with the posting requirements of this Agreement.

19.    The parties shall bear their own attorneys' fees and costs incurred in this action up to the date of entry of this Decree.

## **FORCE AND EFFECT**

20.      The duration of this Decree shall be forty-eight (48) months from the date of its entry. This Court shall retain jurisdiction over this action for the duration of the Decree, during which time the Commission may petition this Court for compliance with this Decree.  Should the Court determine that Defendant has not complied with this Decree, appropriate relief, including extension of this Decree for such period as may be necessary to remedy its non-compliance, may be ordered.  Absent extension, this Decree shall expire by its own terms at the end of forty-eight (48) months from the date of entry, without further action by the Parties.

21.      The parties agree to the entry of this Decree subject to final approval by the Court.

**APPROVED AND CONSENTED TO BY**:


**ON BEHALF OF DEFENDANT AMERICAN HEALTHTECH, INC.:**

_____          _____
Authorized Representative                 Attorney for Defendant
AMERICAN HEALTHTECH, INC.


**ON BEHALF OF PLAINTIFF EEOC:**

_____          _____
C. EMANUEL SMITH                          JULIE BEAN
Regional Attorney                         Supervisory Trial Attorney

_____
MARICIA WOODHAM
Senior Trial Attorney

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION


**IT IS SO ORDERED.**

_12 / 30 / 10_____          _____
Date                                      U. S. District Court Judge


11

## "EXHIBIT A"

## NOTICE TO ALL EMPLOYEES OF AMERICAN HEALTHTECH, INC.

This Notice is posted pursuant to a Consent Decree entered into between American Healthtech, Inc., and the U.S. Equal Employment Opportunity Commission (EEOC).

It is unlawful under federal law, Title VII of the Civil Rights Act of 1964, to discriminate against an employee on the basis of race and color.  It is also unlawful to retaliate against any person because the person opposed discriminatory practices or contacted the EEOC.

American Healthtech, Inc. will not discriminate against any employee on the basis of race or color and will not retaliate against any employee who participates in the investigation of a charge of discrimination.

If you believe you have been subjected to discrimination or retaliation during the course of your employment with American Healthtech, Inc., you may seek assistance from Teresa Boutwell, Director of Human Resources.

If you believe you have been subjected to discrimination or retaliation, you also have the right to seek assistance from:

a.    EEOC, 1130 22nd Street South, Suite 2000, Birmingham, Alabama 35205, (205) 212-2000; or

b.    EEOC, 100 West Capitol Street, Suite 207, Jackson, Mississippi 39269, (601) 948-8400.

If you believe you are being subjected to discrimination, you have the right under law to file a charge with the EEOC.

## NO RETALIATION CLAUSE

No action may be taken against you by any supervisory or management official of American Healthtech, Inc. for (1) opposing discriminatory practices made unlawful by federal law, (2) filing a charge or assisting or participating in the filing of a charge of discrimination, or (3) assisting or participating in an investigation or proceeding brought under Title VII.  Should any such retaliatory actions be taken against you, you should contact the EEOC at the address listed above.

### THIS NOTICE MUST REMAIN POSTED UNTIL APRIL 1, 2011.

Dated: 12. 16. 2010

President, American Healthtech, Inc.

12